IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANDREW JACKSON,

    Plaintiff,

v.

MIKE KERNEY; ROBERT MALLARD;
DANNY TREMBLE; and CHAD
MURRY,

    Defendants.

CIVIL ACTION NO.: CV611-123

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Andrew Jackson ("Plaintiff"), a detainee currently held at the Bulloch County Jail in Statesboro, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Corporal Mike Kerney of the Bulloch County Sheriff's Department did not properly investigate his criminal case. Plaintiff states that he was improperly indicted because he was charged with four counts of theft by taking even though he did not take anything. Plaintiff also states that other people involved in the alleged criminal acts were not arrested but should have been. Additionally, Plaintiff alleges that Kerney improperly "held [his] papers so [he] could not make bond" nor be brought before a judge for an initial appearance within the time mandated by law. (Doc. No. 1, p. 5). Finally he alleges generally that Kerney did not tell the truth. Plaintiff alleges that District Attorney Robert Mallard brought the criminal case against him with Kerney and "took part [in] the false indictment" against him. (Doc. No. 1, p. 6). Plaintiff alleges generally that Kerney and Mallard had a conflict of interest with his criminal case that resulted in prejudice against him.

Plaintiff states that Chad Murry was responsible for bringing papers to the district attorney in order to set up a bond hearing. Plaintiff states that he gave a "hardship

AO 72A
(Rev. 8/82)

motion," (Doc. No. 1, p. 14), to Danny Tremble and that Tremble gave it to Murry. Plaintiff avers that Tremble and Murry asked him about the motion but that he thinks the motion was never given to the people Plaintiff wanted to receive it. Arguably, Plaintiff alleges that Tremble and Murry failed to properly carry out their duties with regard to his bond hearing and hardship motion.

Plaintiff further alleges that he was not allowed to see his father before he died and that no one told him immediately of his father's death. However, Plaintiff does not attribute fault for these allegations to any individual. Instead, Plaintiff requests that the court certify a class action against the Bulloch County Sheriff's Department.

Plaintiff names Kerney, Mallard, Murry, and Tremble as Defendants in this case. Plaintiff failed to name the Bulloch County Sheriff's Department as a Defendant; however, since he attempted to state a claim against it, the Court will discuss his claims. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009)). Initiating a prosecution is intimately associated with the judicial phase of

3

the criminal process. Id. at 1295. Therefore, even if Mallard, the prosecutor, brought false charges against Plaintiff, Plaintiff's claims are barred by prosecutorial immunity. Plaintiff's allegations regarding improper charges brought against him would more appropriately be brought in an action pursuant to 28 U.S.C. § 2254 if he is convicted of those charges. See Heck v. Humphrey, 512 U.S. 477 (1994). All claims against Mallard should be **dismissed**.

Plaintiff did not name the Bulloch County Sheriff's Department has a defendant; however, Plaintiff asks this Court to certify a class action against it. Federal Rule of Civil Procedure 23(a) states that a class action may be maintained only if, among other things, "the representative parties will fairly and adequately protect the interests of the class." The Court of Appeals for the Eleventh Circuit has stated that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (second alteration in original) (citations omitted). Consequently, Plaintiff's request is **DENIED**.

As to Plaintiff's individual allegations against the Bulloch County Sheriff's Department, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff has not shown that his constitutional rights were violated by not being allowed to see his dying father and not immediately hearing of his father's death. As a result, the Bulloch County Sheriff's Department should not be added as a defendant in this case, because any claims against it should be **dismissed**.

As to Plaintiff's claims against Kerney relating to the investigation and prosecution of Plaintiff's case, those claims would more appropriately be brought in an

4

action pursuant to 28 U.S.C. § 2254 if he is convicted of those charges. See Heck v. Humphrey, 512 U.S. 477 (1994). As a result, those claims against Kerney should be **dismissed**.

Plaintiff arguably states a claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Kerney, Murry, and Tremble, with regard to allegations of withholding various types of paperwork, for obstructing his access to the courts. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Kerney, Murry, and Tremble, by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

AO 72A
(Rev. 8/82)

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with

the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P.

26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5.

AO 72A
(Rev. 8/82)

Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 27th day of December, 2011.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

9