IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANDREW JACKSON,

   Plaintiff,

v.               CIVIL ACTION NO.: CV611-123

MIKE KERNEY; DANNY TREMBLE;
and CHAD MURRY,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff Andrew Jackson ("Plaintiff") filed a cause of action pursuant to 42 U.S.C. § 1983. By Order dated December 27, 2011, Plaintiff's Complaint was served upon Defendants Mike Kerney, Chad Murray, and Danny Tremble for alleged obstruction of Plaintiff's access to the courts. The undersigned recommended dismissal of the remainder of Plaintiff's allegations in a Report of even date.[1] Additionally, the undersigned denied Plaintiff's request for class action certification against the Bulloch County Sheriff's Department.

  Plaintiff then filed a Motion to Prove Facts, which the Court construed as a motion to amend his Complaint. By Order dated January 25, 2012, the undersigned denied Plaintiff's "motion to amend" his Complaint because the allegations brought in the "motion to amend" were not related to the claims served upon Defendants Kerney, Murray, and Tremble. In the same Order, the undersigned told Plaintiff that he could

---

[1] Judge B. Avant Edenfield adopted that recommendation by Order dated January 31, 2012.

AO 72A
(Rev. 8/82)

properly amend his Complaint by alleging facts related to the alleged obstruction of his access to the courts by Defendants Kerney, Murray, and Tremble within thirty (30) days of that Order.

Plaintiff next filed a Motion to Amend. However, Plaintiff's Motion to Amend suffered from the same defect as his previous Motion to Prove Facts. By Order dated February 3, 2012, the undersigned denied Plaintiff's Motion to Amend his Complaint because the allegations brought in the Motion to Amend were not related to the claims served upon Defendants Kerney, Murray, and Tremble.

Plaintiff then filed another Motion to Prove Facts, which the Court construed as another motion to amend his Complaint. By Order dated February 27, 2012, the undersigned denied this "motion to amend" because the allegations brought were unrelated to the claims served upon Defendants Kerney, Murray, and Tremble.

Defendants then filed the instant Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by September 10, 2012. That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

AO 72A
(Rev. 8/82)

(Doc. No. 34). Instead of filing a response, Plaintiff filed a Motion for Extension of Time to Prove Fact, which the Court construed as a request for additional time to respond to Defendants' Motion for Summary Judgment. The undersigned granted Plaintiff's request giving him until October 10, 2012, to respond to Defendants' Motion. Plaintiff then filed two additional documents both titled Motion to Prove Fact, which are similar to his two previous Motions to Prove Facts and his previous Motion to Amend. In addition, those Motions to Prove Fact, which are currently pending, ask the Court to set a trial date and summon witnesses. Defendants filed one Response to both Motions to Prove Fact. Neither of Plaintiff's two pending Motions to Prove Fact responds to the arguments made in support of Defendants' Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). For the following reasons, Defendants' Motion for Summary Judgment should be **granted**, and Plaintiff's two pending Motions to Prove Fact should be **dismissed** as moot.

### STATEMENT OF THE CASE

Plaintiff alleges that Defendant Kerney improperly "held [his] papers so [he] could not make bond" nor be brought before a judge for an initial appearance within the time mandated by law. (Doc. No. 1, p. 5). Plaintiff states that Defendant Murray was

<mark>AO 72A
(Rev. 8/82)</mark>

responsible for bringing papers to the district attorney in order to set up a bond hearing. Plaintiff states that he gave a "hardship motion," (Doc. No. 1, p. 14), to Defendant Tremble and that Tremble gave it to Murray. Plaintiff avers that Tremble and Murray asked him about the hardship motion but that he thinks the motion was never given to the people Plaintiff wanted to receive it. Plaintiff's Complaint was served on Defendants Kerney, Murray, and Tremble for possible obstruction of Plaintiff's access to the courts in violation of Plaintiff's First and Fifth Amendment rights. Defendants contend, among other things, that no genuine dispute as to any material fact exists regarding whether Plaintiff had a right to access to the courts in his criminal case.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish

AO 72A
(Rev. 8/82)

that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

"[P]rison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. . . . [T]he legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 352–57 (1996)). Plaintiff asserts that Defendants interfered with paperwork relating to a bond hearing and a hardship motion. Both of these alleged interferences occurred with regard to paperwork at issue in Plaintiff's criminal case. Defendants correctly argue that because Plaintiff's allegations of obstruction of his access to the courts arise from his criminal proceedings, Plaintiff's claims cannot go forward. No genuine dispute as to any material fact exists regarding whether Plaintiff had a right to access to the courts in his criminal case.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's two pending Motions to Prove Fact, (Doc. Nos. 38 and 40), be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 5th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)