FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 DEC 10  PM 4: 15

CLERK_____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ANDREW JACKSON, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV611-123 |
| MIKE KERNEY; DANNY TREMBLE; and CHAD MURRY, | : | |
| Defendants. | : | |

## ORDER

Plaintiff Andrew Jackson ("Plaintiff") filed a cause of action pursuant to 42 U.S.C. § 1983. By Order dated December 27, 2011, Plaintiff's Complaint was served upon Defendants Mike Kerney, Chad Murray, and Danny Tremble for alleged obstruction of Plaintiff's access to the courts. The Magistrate Judge recommended dismissal of the remainder of Plaintiff's allegations in a Report of even date.[1] Additionally, the Magistrate Judge denied Plaintiff's request for class action certification against the Bulloch County Sheriff's Department.

Plaintiff then filed a Motion to Prove Facts, which the Court construed as a motion to amend his Complaint. By Order dated January 25, 2012, the Magistrate

---

[1] The undersigned adopted that recommendation by Order dated January 31, 2012.

AO 72A
(Rev. 8/82)

Judge denied Plaintiff's "motion to amend" his Complaint because the allegations brought in the "motion to amend" were not related to the claims served upon Defendants Kerney, Murray, and Tremble. In the same Order, the Magistrate Judge told Plaintiff that he could properly amend his Complaint by alleging facts related to the alleged obstruction of his access to the courts by Defendants Kerney, Murray, and Tremble within thirty (30) days of that Order.

Plaintiff next filed a Motion to Amend. However, Plaintiff's Motion to Amend suffered from the same defect as his previous Motion to Prove Facts. By Order dated February 3, 2012, the Magistrate Judge denied Plaintiff's Motion to Amend his Complaint because the allegations brought in the Motion to Amend were not related to the claims served upon Defendants Kerney, Murray, and Tremble.

Plaintiff then filed another Motion to Prove Facts, which the Court construed as another motion to amend his Complaint. By Order dated February 27, 2012, the Magistrate Judge denied this "motion to amend" because the allegations brought were unrelated to the claims served upon Defendants Kerney, Murray, and Tremble.

Defendants then filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by September 10, 2012. Instead of filing a response, Plaintiff filed a Motion for Extension of Time to Prove Fact, which the Court construed as a request for additional time to respond to Defendants' Motion for Summary Judgment. The Magistrate Judge granted Plaintiff's request giving him until October 10, 2012, to respond to Defendants' Motion. Plaintiff then filed two additional documents both titled Motion to Prove Fact, which are similar to his two previous

Motions to Prove Facts and his previous Motion to Amend. In addition, those Motions to Prove Fact, which are currently pending, ask the Court to set a trial date and summon witnesses. Defendants filed one Response to both Motions to Prove Fact. Neither of Plaintiff's two pending Motions to Prove Fact responds to the arguments made in support of Defendants' Motion for Summary Judgment. In a Report dated November 5, 2012, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted and that Plaintiff's two pending Motions to Prove Fact be dismissed as moot. By Order of even date Plaintiff was given until November 26, 2012, to file any desired objections to the Magistrate Judge's November 5, 2012, Report. Plaintiff has not filed Objections to that Report. Instead, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. Plaintiff's Response to Defendants' Motion for Summary Judgment does not address Defendants' argument in support of their Motion.

The Magistrate Judge correctly determined that because Plaintiff's allegations of obstruction of his access to the courts arise from his criminal proceedings, Plaintiff's claims cannot go forward. See Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 352–57 (1996)). Nothing in Plaintiff's Response to Defendants' Motion for Summary Judgment persuades the Court to rule otherwise.

The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. Additionally, Plaintiff's two Pending Motions to

Prove Fact are **DISMISSED** as moot. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___16___ day of ___December___, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

4